## Painter's Estate.

Argued Oct. 23, 1907. Appeal, No. 116, Oct. T., 1906, by Thomas Painter et al., from decree of O. C. Butler Co., ordering sale of real estate in Estate of George W. Painter, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition to sell real estate. For the facts see Painter v. Painter, ante, p. 82.

OPINION BY MR. JUSTICE MESTREZAT, January 20, 1908:
This was an application in the court below by J. L. M. Hal-

stead, administrator d. b. n. c. t. a. of George W. Painter, deceased, for an order to sell the testator's real estate so as to carry into effect the provisions of his will, which directs that on the death of his widow the real estate shall be sold and the proceeds divided between his two daughters. It is claimed by the petitioner that under the provisions of the will there was an equitable conversion of the real estate into personalty, and that being personal property, it is distributable as such. The court granted the order prayed for.

Subsequently, Milton B. Painter, one of the heirs-at-law of George W. Painter, deceased, presented his petition to the court, denying the conversion of the real estate and the authority of the administrator to make sale of it, and prayed the court to set aside and revoke the order of sale theretofore granted. This was refused, and Milton B. Painter has appealed.

In an opinion handed down herewith in the case of Thomas Painter et al. v. Peter Painter, ante, p. 82, we have held that the will of George W. Painter did not create a conversion of his real estate, and that upon the death of his widow, who had a life estate therein, it went to his heirs-at-law, and was not personalty and to be distributed as such. It therefore follows that the application made in the court below by the administrator for an order to sell the real estate should have been denied, and that the order of the court directing a sale was error.

The court should have granted appellant's petition, and set aside and revoked the order to the administrator for the sale of the real estate.

The decree of the court below refusing to set aside and revoke its former order directing the sale of the real estate of George W. Painter, deceased, is now reversed, and the decree of the court granting the order of sale is set aside and revoked at the costs of the appellee.